IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TERRY WAYNE COMBS,                )
                                  )
                     Petitioner,  )
                                  )
            v.                    )    1:13CV200
                                  )
MAURY CORRECTIONAL               )
INSTITUTION,                      )
                                  )
                     Respondent.  )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has failed to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. 28 U.S.C. § 2254(b). In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A-31, 15A-1422). Here, Petitioner mentions only a filing in another federal court and letters to a state clerk's office. This is not sufficient to exhaust his remedies.

3. Petitioner's claims are difficult to understand. His first two claims state that he is illegally imprisoned and that his trial or plea proceedings were not handled properly, but Petitioner does not state what specific errors occurred. He must state how the proceedings allegedly violated his federal constitutional rights. Also, Petitioner's third and fourth claims for relief focus more on jail or prison conditions than on his conviction or sentence. Such claims would ordinarily be brought as part of an action under 42 U.S.C. § 1983, not a habeas action under § 2254. Petitioner also seeks $75 trillion or his freedom as relief. Release from prison can be an appropriate remedy in a habeas action, but money is not. Claims for damages are ordinarily brought in an action under § 1983. If Petitioner wishes to file a § 1983, he should request the proper forms from the Clerk. He should also be aware that any filing under § 1983 cannot call his conviction or sentence into question. Any claim which does that must be brought under § 2254.

4. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of Public Safety. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Kieran J. Shanahan, who is currently the Secretary of Public Safety, as Respondent.

Because of pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted once he has exhausted his state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed

-2-

Case 1:13-cv-00200-WO-JLW Document 2 Filed 03/12/13 Page 2 of 3

*in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition once he has exhausted his state court remedies.

This, the 12th day of March, 2013.

United States Magistrate Judge